UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 13-11183 |
| ZEN GROUP, INC., d/b/a BARRIO | ) | Hon. Donald R. Cassling |
| URBAN TAQUERIA, | ) | Hearing Date: Tues., Nov. 17, 2015 |
| | ) | at 9:30 a.m. |
| Debtor. | ) | |

## NOTICE OF MOTION

TO: SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **Tuesday, November 17, 2015 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling, presiding in Courtroom 619, in the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **Application of Trustee's Attorneys for the Allowance of Final Compensation and Reimbursement of Expenses** and shall seek entry of an order in accordance therewith.

/s/ Norman B. Newman
Norman B. Newman, Trustee

Norman B. Newman, ARDC No. 02045427
MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Facsimile: 312.521.2100

## CERTIFICATE OF SERVICE

Norman B. Newman, an attorney, hereby certifies that on October 15, 2015, he electronically filed this Application for Compensation with the Clerk of the Court via the Court's CM/ECF system which will send electronic notification to those individual registered to receive notice and via U.S. mail to those parties as indicated on the attached service list.

/s/Norman B. Newman

## **SERVICE LIST**

Office of the United States Trustee
219 S. Dearborn St.
8th Floor
Chicago, IL 60604

Zen Group, Inc.
714 W. Diversey Parkway
Chicago, IL 60614

John Ellsworth
Ellsworth Law Group
929 S. 111th Street
West Allis, WI 53214

Richard Fonfrias
Fonfrias Law Group, LLC
70 W. Madison Street, Suite 1400
Chicago, IL 60602

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 13-11183 |
| ZEN GROUP, INC., d/b/a BARRIO URBAN TAQUERIA, | ) ) | Hon. Donald R. Cassling |
| | ) | Hearing Date: Tues., Nov. 17, 2015 |
| Debtor. | ) | at 9:30 a.m. |

**APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE
ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Much Shelist, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period June 13, 2015 through September 22, 2015. In support of this Application, Much Shelist respectfully states as follows:

1. On March 20, 2013, Zen Group, Inc., (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. On June 11, 2013, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code. The Trustee was subsequently appointed interim Trustee.

3. On July 9, 2013, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case. The vast majority of the legal services rendered in this matter were provided by the Trustee. Mr. Newman has taken care to distinguish his legal services from his Trustee services. Attached hereto as Exhibit "A" is an itemization of Mr. Newman's Trustee services.

4.  Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any person or firm whatsoever with regard to its compensation in this case. To date, Much Shelist has received no amounts whatsoever for services it has rendered in this case.

5.  Much Shelist provided 28.00 hours of services on behalf of the Trustee during the time period covered by this application. The following is a summary of time expended, by individual, during the time period covered by this application:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 21.70 hrs. | $605.00/hr. | $13,128.50 |
| Norman B. Newman | 5.80 hrs. | $625.00/hr. | 3,625.00 |
| Jeffrey L. Gansberg | .50 hrs. | $410.00/hr. | 205.00 |
| | | | |
| **TOTAL** | **28.00 hrs.** | | **$16,958.50** |

6.  Attached hereto as Exhibit "B" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. Certain time entries could have been listed under a different activity, but there is no duplication of time entries. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in <u>In re Continental Securities Litigation</u>, 572 F. Supp. 931 (N.D. Ill. 1983) <u>modified</u> 692 F.2d 766 (7th Cir. 1992).

7.  At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

8.  During the time period covered by this application, Much Shelist's attorneys have provided services to the Trustee with respect to the following matters:

2

A. **General Administration (Tab B-1)**: A total of 3.0 hours of time was expended by Much Shelist in connection with General Administrative matters. Much Shelist attorneys engaged in telephonic and written communications with the Debtor and the Debtor's counsel with regards to discontinuing the business operations and sale of the assets. With respect to the business closing, attorneys communicated with counsel for the Attorney General's office and counsel for the U.S. Trustee's office concerning the status of Zen's business license and operations. Despite the fact that this case was converted to a Chapter 7 case, the Debtor's principal continued to operate the business. Time was also spent communicating with the Landlord's representative regarding post-business closings clean-up proposal. Additionally, attorneys reviewed correspondence between the landlord and the equipment buyer regarding a new lease. The individual who provided services in connection with the General Administrative Matters and the time expended by him is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 3.0 hrs. | $605.00/hr. | $1,815.00 |
| | | | |
| **TOTAL:** | **3.0 hrs.** | | **$1,815.00** |

B. **Employment of Professionals (Tab B-2)**: A total of 2.8 hours of time was expended by Much Shelist with the preparation of pleadings and appearances in Court on the Trustee's Motion to Employ Attorneys and Trustee's Motion to Employ Accountant. The individual who provided services in connection with the Employment of Professionals and the time expended by him is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 1.20 hrs. | $605.00/hr. | $726.00 |
| Norman B. Newman | 1.60 hrs. | $625.00/hr. | 1,000.00 |
| | | | |
| **TOTAL:** | **2.80 hrs.** | | **$1,726.00** |

3

**C.** **Disposition of Assets (Tab B-3)**: A total of 17.20 hours of time was expended by Much Shelist in connection with the Disposition of Assets. This estate consisted of two non-exempt assets:

**Bank Account**. At the time of the bankruptcy filing, Debtor held funds on deposit in a checking account with JPMorgan Chase Bank (the "Bank"). Attorneys for the Trustee communicated telephonically and through written correspondences with representatives of the Bank regarding the turnover of the funds. The Bank requested that the Trustee to obtain a Court Order before they turned over the funds. Time was spent preparing a motion and order for turnover of funds. Upon entry of an Order, approximately $1,300.00 was recovered from the Debtor's bank account for the benefit of creditors of this estate.

**Personal Property**. The Debtor's schedules listed numerous items of restaurant equipment, furniture, electronic equipment and supplies used in the Debtor's business (the "Personal Property"). Much Shelist attorneys engaged in telephonic and written communications with the Debtor, the landlord's attorney and the buyer's attorney regarding the negotiation of a Letter of Intent to purchase the Personal Property and a new lease of the premises. Counsel reviewed the Letter of Intent and engaged in numerous telephonic and written communications with the prospective buyer, the buyer's attorney and the landlord regarding the offer to purchase the Personal Property and the buyer's entering into a new lease of the premises. Upon acceptance of the offer, Much Shelist attorneys prepared and appeared in Court on a motion to Sell the Personal Property. Additionally, Much Shelist attorneys prepared a Bill of Sale upon receipt of funds for the Personal Property.

Through the efforts of Much Shelist attorneys, the Trustee recovered total funds in the approximate amount of $16,300.00 for this estate from both the bank account and the Personal Property.

The individuals who provided services in connection with the Disposition of Assets and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 16.70 hrs. | $605.00/hr. | $10,103.50 |
| Jeffrey L. Gansberg | .50 hrs. | $410.00/hr. | 205.00 |
| | | | |
| **TOTAL:** | **17.20 hrs.** | | **$10,308.50** |

      D.      **Claims Administration/Analysis (Tab B-4)**: A total of 1.10 hours of time was spent reviewing the following priority claims: a) City of Chicago, b) IRS, c) IDOR and d) the Landlord. The individual who provided services in connection with Claims Administration/Analysis and the time expended by him is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | .80 hrs. | $605.00/hr. | $484.00 |
| Norman B. Newman | .30 hrs. | $625.00/hr. | 187.50 |
| | | | |
| **TOTAL:** | **1.10 hrs.** | | **$671.50** |

      E.      **Taxes Issues (Tab B-5)**: Much Shelist expended 1.80 hrs. dealing with Tax Issues. Attorneys for Much Shelist communicated telephonically and through written communications with the Trustee's accountants regarding their employment and signing the engagement letter, the preparation and filing of tax returns for the 2013 and the handling of secured claims filed by governmental agencies. The individual who provided services in connection with Tax Issues and the time expended by him is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 1.80 hrs. | $625.00/hr. | $1,125.00 |
| | | | |
| **TOTAL:** | **1.80 hrs.** | | **$1,125.00** |

5

F. **Fee Applications (Tab B-6)**: Much Shelist expended 2.10 hrs. dealing with the preparation of this fee application and the accountant's fee application. Time was spent reviewing time entries/invoices for each applicant. The individual who provided services in connection with Fee Applications and the time expended by him is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 2.10 hrs. | $625.00/hr. | $1,312.50 |
| | | | |
| **TOTAL:** | **2.10 hrs.** | | **$1,312.50** |

9. During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $67.50. Attached hereto as Exhibit "C" is an itemization of Much Shelist's out-of-pocket expenses. Much Shelist asserts that these out-of-pocket expenses were reasonable in its representation of the Trustee.

10. The services rendered by Much Shelist as the Trustee's attorney have resulted in a benefit to the Trustee and to the creditors of this estate. By reason of the foregoing, Much Shelist states that it is entitled to a final award of compensation and reimbursement of out-of-pocket expenses for services rendered to the Trustee in this matter. Much Shelist understands that the Trustee is not holding sufficient funds to pay the requested compensation in full. Much Shelist is will to accept a pro-rata payment of the available funds.

**WHEREFORE**, Much Shelist, P.C. respectfully requests that this Court enter an Order as follows:

1. Granting this Application and awarding Much Shelist final compensation in the amount of $16,958.50 plus reimbursement of out-of-pocket expenses in the amount of $67.50 for services rendered during the period June 13, 2015 through September 22, 2015.

2. Authorizing the Trustee to pay Much Shelist the compensation awarded forthwith as a Chapter 7 expense of administration of this estate; and

3. Granting such other and further relief as this Court deems just and appropriate.

**Much Shelist, P.C.**

By: /s/ Norman B. Newman
One of Its Attorneys

Norman B. Newman (Atty. ID# 02045427)
**Much Shelist, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 13-11183 |
| ZEN GROUP, INC., d/b/a BARRIO URBAN TAQUERIA, | ) ) | Hon. Donald R. Cassling |
| | ) | Hearing Date: Tues., Nov. 17, 2015 |
| Debtor. | ) | at 9:30 a.m. |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL SERVICES**

Name of Applicant:                               Much Shelist, P.C.

Authorized to provide professional services to:   Norman B. Newman, Chapter 7 Trustee

Date of Order Authorizing Employment:            July 9, 2013

Period for which compensation is sought:         June 13, 2015 through September 22, 2015

Amount of fees sought:                           $16,958.50

Amount of expense reimbursement sought:          $67.50

Retainer previously received:                    $0.00

This is a(n):        Interim Application ___        Final Application  X

Prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00

Dated: 10/15/15                                  **MUCH SHELIST, P.C.**

                                                 By: /s/Norman B. Newman